# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAYTON COTE** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 18-0835** |
| **v.** | : | |
| | : | |
| **U.S. SILICA COMPANY,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                       JUNE 19, 2018

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is a motion to transfer venue to the United States District Court for the Middle District of Pennsylvania filed by Defendant U.S. Silica Company ("Defendant Silica"), on the basis of *forum non conveniens* pursuant to 28 U.S.C. §1404(a). [ECF 6]. Plaintiff Dayton Cote ("Plaintiff") opposes the motion. [ECF 9]. The issues raised in the motion have been fully briefed and are ripe for disposition. For the reasons set forth herein, Defendant Silica's motion to transfer is granted.

## BACKGROUND[1]

Plaintiff, a resident of Towanda, Pennsylvania, filed a complaint in this Court which asserts negligence claims against two defendants, Defendant Silica and Defendant Norfolk Southern Corporation, premised on an injury he allegedly suffered while unloading a rail hopper car at the Shale Rail transfer yard, located in Wysox, Pennsylvania.[2] [*See* ECF 1, Compl.]. Plaintiff also asserts negligence and strict liability claims against Defendants Schnell Industries

---

[1]       The facts set forth herein are taken from Plaintiff's complaint and the declarations and other evidence submitted with each party's respective briefs.

[2]       Both Towanda and Wysox are located in the United States Middle District of Pennsylvania.

("Schnell") and FB Industries ("FB") premised on the alleged defective condition of a transloader which was designed, manufactured, and/or sold by Schnell and FB and used by Plaintiff at the time of his alleged injuries. Defendant Silica filed the underlying motion to transfer venue pursuant to 28 U.S.C. §1404(a) for *forum non conveniens*.

**LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a). The purpose of transferring venue under §1404(a) "is to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). In determining whether transfer is appropriate, "the district court is vested with wide discretion." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973).

Analysis of a request for transfer under §1404(a) generally has two components. First, both the original venue and the requested venue must be proper. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Venue is proper "(1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where personal jurisdiction may be had over any defendant if no other venue is proper." *Park Inn Intern., LLC v. Mody Enters., Inc.*, 105 F. Supp.2d 370, 375 (D. N.J. 2000) (summarizing the statutory venue requirements of 28 U.S.C. §1391(a)). If venue is proper, the court must then undertake a balancing test to decide whether the convenience of the parties and witnesses and the interest of justice would be better served by a transfer to a different forum. *Jumara*, 55 F.3d at 879; *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008). Although there is no

definitive formula or specific list of the factors to consider, when determining whether a transfer is warranted, a court weighs existing relevant private and public interests in its decision process. These interests are the following:

> The private interests include[]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests include[]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (citations omitted).

The party seeking the transfer of venue bears the burden of establishing the need for the transfer. *Id.* at 879.[3] "Transfer is not warranted, however, if the result is merely to shift the inconvenience from one party to the other." *DermaMed, Inc. v. Spa de Soleil, Inc.*, 152 F. Supp. 2d 780, 783 (E.D. Pa. 2001). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'" *Penn Mut. Life Ins. Co. v. BNC Nat. Bank*, 2010 WL 3489386, at *8 (E.D. Pa. Sept. 2, 2010) (quoting *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970)).

---

[3] "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." *Fellner v. Philadelphia Toboggan Coasters, Inc.*, 2005 WL 2660351, *4 (E.D. Pa. Oct. 18, 2005).

**DISCUSSION**

As noted above, Defendant Silica seeks transfer of this matter to the Middle District of Pennsylvania pursuant to the *forum non conveniens* provision of 28 U.S.C. §1404(a). As to the threshold inquiries required under §1404(a), this Court finds that venue is proper in this District because Defendant Silica has effectively waived any argument that venue in this District is improper.[4] In addition, this matter could have been brought in the Middle District of Pennsylvania, since "a substantial part of the events or omissions giving rise to the claim occurred" in Wysox, Pennsylvania, which is located in the Middle District of Pennsylvania. 28 U.S.C. §1391(b)(2).

Notably, in his response, Plaintiff does not dispute that this case could have been brought in the Middle District of Pennsylvania. As described above, Plaintiff's claims against Defendant Silica arise out of injuries Plaintiff suffered as a result of a workplace accident that occurred in Wysox, Pennsylvania, located in the Middle District of Pennsylvania. As such, because "a substantial part of the events or omissions giving rise to [Plaintiff's] claims occurred" in the Middle District of Pennsylvania, venue is also proper in that District. *See id*. Having made this initial determination, this Court will consider the *Jumara* private and public factors to determine

---

[4] Improper venue is a waivable defense. Fed. R. Civ. P. 12(h). To preserve a challenge regarding improper venue, a defendant must raise the issue in a responsive pleading. *Id*. at 12(b)(3). If the responsive pleading does not challenge improper venue, the defense is waived. *Id*. at 12(h). Further, where a defendant does not "interpose timely and sufficient objection to the venue," the district court retains jurisdiction, even if the venue would otherwise be improper. 28 U.S.C. §1406(b). Here, though Defendant Silica filed a Rule 12 motion, it has not moved to dismiss this matter for improper venue pursuant to Rule 12(b)(3). Instead, Defendant Silica filed the underlying motion to transfer venue pursuant to §1404(a) for *forum non conveniens*, in which it properly outlines the legal prerequisite that venue be proper in the original forum. Under these circumstances, this Court finds that Defendant Silica has waived improper venue, thereby making venue as to Defendant Silica in this District proper. *See Farley v. Cernak*, 2016 WL 162238, at *2-3 (E.D. Pa. Jan. 13, 2016). This Court also notes that none of the Defendants which have filed responses to the complaint has asserted an improper venue defense.

whether the convenience of the parties and witnesses and the interest of justice weigh in favor of transfer.

## PRIVATE FACTORS

As indicated, the *Jumara* private factors include the plaintiff's forum preference as manifested in the original choice; the defendant's forum preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

### *Plaintiff's Choice of Forum*

Although a plaintiff's choice of venue is generally given deference, the plaintiff's choice is not dispositive and receives less weight when none of the operative facts occurred in the selected forum. *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197-98 (E.D. Pa. 2008); *Rowles v. Hammermill Paper Co., Inc.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988) (holding that "plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum."). When "the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." *Cancer Genetics, Inc. v. Kreatech Biotechnology B.V.*, 2007 WL 4365328, *5 (D.N.J. Dec. 11, 2007). A plaintiff's forum choice also receives "considerably less weight" where "the plaintiff chooses a forum which is not his home." *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003) (citing *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 256 (1981)).

Here, the Eastern District of Pennsylvania is not Plaintiff's home forum; rather, Plaintiff is a resident of Towanda, Pennsylvania, which is located in the Middle District of Pennsylvania. In addition, the operative facts relevant to Plaintiff's claims against Defendant Silica occurred in or around Wysox, Pennsylvania, which is located in the Middle District of Pennsylvania. Since this forum does not have any connection with the operative facts of the lawsuit, and Plaintiff does not reside in this District, Plaintiff's choice of venue in this District is not afforded the usual strong preference or weight. *Id.* at 457.

*Defendant Silica's Forum Preference*

Defendant Silica has identified the Middle District of Pennsylvania as its preferred forum. Defendant Silica owns and operates the quarry located in Mapleton Depot, Pennsylvania, located in the Middle District of Pennsylvania, the origin of the rail hopper car that Plaintiff was allegedly unloading at the time of his injury. In addition, Plaintiff resides in the Middle District of Pennsylvania, and his claims against Defendants arise out of injuries that he allegedly suffered as a result of a workplace accident that occurred in Wysox, Pennsylvania, located in the Middle District of Pennsylvania. As such, in light of the significant relationship between the Middle District of Pennsylvania and Defendant Silica's operation of the Mapleton Depot quarry, the facts underlying Plaintiff's alleged claims against Defendants, and Plaintiff's place of residence, this factor weighs in favor of transfer.

*Whether the claim arose elsewhere*

The third factor – where a majority of events giving rise to the claim arose – also weighs in favor of transfer. As set forth, all of the events underlying Plaintiff's alleged negligence claims against Defendant Silica occurred in the Middle District of Pennsylvania. Specifically, Plaintiff claims he was injured while unloading a rail hopper car at the Shale Rail transfer yard in

6

Wysox, Pennsylvania, which is located in the Middle District of Pennsylvania. As such, this factor weighs in favor of transfer to the Middle District of Pennsylvania.[5]

*Convenience of the parties as indicated by their
relative physical and financial condition*

Though all of the Defendants are headquartered outside of Pennsylvania, Defendant Silica's operation in question – the Mapleton Depot quarry – is located in the Middle District of Pennsylvania. As noted, Plaintiff resides in the Middle District of Pennsylvania. Obviously any travel by representatives and/or employees from Defendant Silica's Mapleton Depot quarry to a federal court in the Middle District of Pennsylvania and the costs associated therewith would be significantly less than the costs associated with Defendant Silica's travel from that location in the Middle District of Pennsylvania to the federal court in Philadelphia, Pennsylvania. Moreover, Plaintiff lives in Towanda, Pennsylvania, which is sixty-three miles from the federal courthouse in Williamsport, Pennsylvania, and sixty-four miles from the federal courthouse in Scranton, Pennsylvania,[6] both in the Middle District of Pennsylvania, while the distance between Towanda and Philadelphia is more than twice the distance or 177 miles. Thus, this factor weighs in favor of transfer.

*Convenience of witnesses*

The convenience of witnesses "is a particularly significant factor in a court's decision whether to transfer." *Idasetima v. Wabash Metal Prods., Inc.*, 2001 WL 1526270, *2 (E.D. Pa. Nov. 29, 2001). Fact witnesses "'who possess[] firsthand knowledge of the events giving rise to

---

[5] Though the claims against Defendants Schnell Industries and FB Industries sound in both negligence and product liability, the facts underlying the workplace accident will also be germane to Plaintiff's product based claims against these other two defendants.

[6] The United States District Court for the Middle District of Pennsylvania consists of four divisions: Williamsport, Scranton, Wilkes-Barre, and Harrisburg. It appears that the Williamsport and Scranton divisions are the closest to the situs of Plaintiff's underlying injury.

7

the lawsuit, have traditionally weighed quite heavily in the 'balance of convenience' analysis.'" *Coppola*, 250 F.R.D. at 199 (quoting *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp.2d 192, 203 (D. Del. 1998)). However, under *Jumara*, this factor is only to be considered to the extent the witnesses may actually be unavailable for trial in one of the fora. *Jumara*, 55 F.3d at 879. Considering that the alleged accident underlying Plaintiff's injuries occurred in Wysox, Pennsylvania (in the Middle District of Pennsylvania), it is likely that most witnesses, if not all witnesses, will be located in or around Wysox, Pennsylvania; a location more than 100 miles from Philadelphia. Defendants, however, have not shown that any anticipated witnesses would be unavailable for a trial in Philadelphia, Pennsylvania. Moreover, pursuant to Federal Rule of Civil Procedure 45(c)(1)(B),[7] witnesses located in Pennsylvania could be compelled to attend a trial in this Court. Thus, under these circumstances, this factor is neutral.

*Location of books and records*

As to the final private factor, the location of books and records, "[t]echnical advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis. . . ." *Lomanno v. Black*, 285 F. Supp.2d 637, 647 (E.D. Pa. 2003). Thus, unless hard copies of documents are necessary to this litigation, this factor has a neutral effect.

**PUBLIC FACTORS**

*Jumara* describes the public interest factors to include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive*;* the relative administrative difficulty in the two fora resulting from court congestion; the local

---

[7] Rule 45(c)(1)(B) provides this Court authority to compel witnesses residing or working in Pennsylvania to attend a trial in this Court, if the person is a party or a party's officer or if the person would not incur substantial expense.

interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Enforceability of judgment*

Because any judgment rendered by this Court would be equally enforceable against all of the parties as would a judgment by the Middle District Court of Pennsylvania, this factor is neutral.

*Practical considerations that could make the trial easy, expeditious or inexpensive*

As set forth above, most, if not all, of the facts underlying Plaintiff's alleged claims occurred in the Middle District of Pennsylvania. As a result, most of the witnesses, including Plaintiff, are likely to be located in or around the Middle District of Pennsylvania, making a trial in that forum easier, more expeditious, and less expensive. Thus, this factor weighs in favor of transfer.

*Relative administrative difficulty in the two fora resulting from court congestion*

"Although the relative congestion of court dockets may be evaluated in a motion to transfer, it generally is not a factor worth of great weight." *Penda Corp. v. STK, LLC*, 2004 WL 2004439, at *3 (E.D. Pa. Sept. 7, 2004). Here, neither party has suggested that one of the fora is more or less congested than the other. Thus, this factor is deemed neutral.

*Local interest in deciding controversies at home and the public policies of the fora*

Though there are no differences in the public policies of the two fora, because Plaintiff lives in the Middle District of Pennsylvania and the majority of the operative facts underlying Plaintiff's claims occurred in the Middle District of Pennsylvania, that Court has a greater interest in deciding the underlying controversy. *See Johnson v. Equifax Inf. Servs, LLC*, 2017 WL 2779568, at *6 (E.D. Pa. 2017) ("Courts have a local interest in having localized

9

controversies decided at home.") (citations omitted). Consequently, this factor weighs in favor of transfer.

*Familiarity of the trial judge with the applicable state law in diversity cases*

Given that both fora are in Pennsylvania, trial judges in both districts will be equally familiar with the applicable law. This factor is neutral.

**CONCLUSION**

After weighing all of the *Jumara* private and public factors, this Court finds that the factors weigh in favor of a transfer. Therefore, for the convenience of the parties and witnesses and in the interest of justice, a transfer to the Middle District of Pennsylvania is warranted. Accordingly, Defendant's motion to transfer venue is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.